IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr489-MHT |
| | ) | (WO) |
| **ALVIN LEE McCARY** | ) | |

## ORDER

This cause is before the court on defendant Alvin Lee McCary's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on a "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

Defense counsel represents that McCary has a lengthy history of mental illness, and in light of this

2

history, seeks a 60-day continuance to retain a forensic psychologist to evaluate McCary's competency to assist counsel in negotiating a plea or in defending his case at trial. The court finds that the 60-day period requested to complete the competency evaluation is reasonable, and that the period of delay of the trial for the purpose of obtaining the evaluation is excludable from the 70-day speedy-trial period. *See* 18 U.S.C. § 3161(h)(1)(A).

Additionally, the court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and McCary in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). It is critically important to the interests of justice that defense counsel be allowed time to explore his concerns about the defendant's competency, as an incompetent defendant cannot assist counsel in defending the case or make necessary decisions. Because the trial cannot go forward if the defendant is incompetent, defense

3

counsel's need for time to obtain an evaluation of competency clearly outweighs McCary's and the public's interest in a speedy trial.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 16) is granted.

(2) The jury selection and trial, now set for April 4, 2022, are reset for June 13, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 16th day of March, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE