IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr489-MHT |
| | ) | (WO) |
| **ALVIN LEE McCARY** | ) | |

ORDER

This cause is before the court on defendant Alvin Lee McCary's second unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for June 13, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

      which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on a "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).  In granting a continuance on the latter basis, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice."  § 3161(h)(7)(B)(i).

    Defense counsel previously referred McCary to a forensic psychologist, Dr. Ashley Christiansen, for an evaluation of his competency.  After completing this evaluation, Dr. Christiansen opined that McCary meets the diagnostic criteria for mild neurocognitive

2

disorder, unspecified, and that he "is not competent to proceed or make decisions regarding his legal case at this time."  Competency Evaluation (Doc. 21-1) at 22. During an on-the-record conference call on June 7, 2022, the government orally moved for McCary to receive a second evaluation of his competency to stand trial. Defense counsel does not oppose the government's oral motion.  The court concludes that a further evaluation is appropriate and that a continuance is warranted on this basis.  See 18 U.S.C. § 3161(h)(1)(A).

Additionally, the court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and McCary in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).  A well-informed determination regarding McCary's competency or incompetency to stand trial is critically important to the interests of justice, as an incompetent defendant cannot assist counsel in defending the case or make necessary decisions.  Because the trial cannot go

3

forward if the defendant is incompetent, the need for time to obtain the additional evaluation of competency outweighs McCary's and the public's interest in a speedy trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Alvin Lee McCary's unopposed motion to continue trial (Doc. 21) is granted.

(2) The jury selection and trial, now set for June 13, 2022, are continued generally.

DONE, this the 9th day of June, 2022.

                                   /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**