IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )       2:21cr489-MHT
                              )          (WO)
ALVIN LEE McCARY              )
```

ORDER

Defendant Alvin Lee McCary has been indicted on one
count of possession of a firearm by a convicted felon,
in violation of 18 U.S.C. § 922(g)(1).  Following a
referral by defense counsel based on concerns about
McCary's competency to stand trial, a forensic
psychologist, Dr. Ashley Christiansen, evaluated McCary
and opined that he meets the diagnostic criteria for a
mild neurocognitive disorder, unspecified, and that he
"is not competent to proceed or make decisions
regarding his legal case at this time."  Competency
Evaluation (Doc. 21-1) at 22.  This case is now before
the court on the government's motion for a second
evaluation, to be conducted by the Bureau of Prisons
(BOP), which was made orally during a conference call

on the record on June 7, 2022.  McCary does not object to this motion.  Based on the parties' agreement and the other representations made on the record on June 7, 2022, and for the following reasons, the motion will be granted.

A court may order a competency evaluation on a party's motion, or on the court's own motion, "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable time to the custody of the Attorney General to be placed in a suitable BOP facility for this

competency examination.  *See* 18 U.S.C. §§ 4241(b), 4247(b).

In light of Dr. Christiansen's evaluation, the court finds that there is reasonable cause to believe McCary may not be competent to stand trial.  The court will, therefore, order him committed to the custody of the Attorney General for further evaluation at the BOP pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).  The examination must be completed within a reasonable period of time, not to exceed 30 days; the director of the facility to which McCary is committed may apply for a reasonable extension, not to exceed 15 days.  *See* 18 U.S.C. § 4247(b).  Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and provide copies to counsel, pursuant to 18 U.S.C. § 4247(c).  This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and prognosis of

3

McCary's mental condition; and the examiner's opinions as to whether, given the demands that may be made on McCary throughout this prosecution, McCary is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4247(c).

Additionally, to avoid the further delay and inconvenience to the parties and to the court of the extra time required to transport McCary from the BOP facility back to this district and then--should the court determine that McCary is incompetent and that restoration is necessary--back to the BOP facility again, the court will order that, upon completion of the competency evaluation, the BOP shall retain custody of McCary until the court can decide, in light of the evaluation, whether to hold the competency hearing at

4

the BOP facility or at the federal courthouse in Montgomery.

As stated, McCary has no objection to the government's motion. Because McCary does not oppose being transported, and committed, to a BOP facility for the mental-health evaluation, no due-process concerns are raised. *See United States v. Mosley*, 277 F. Supp. 3d 1294, 1299-1300 (M.D. Ala. 2017) (Thompson, J.).

* * *

Accordingly, it is ORDERED that the government's oral motion for defendant Alvin Lee McCary to receive a second evaluation of his competency to stand trial (Doc. 23) is granted as follows:

(1) With regard to defendant McCary's general commitment: Pursuant to 18 U.S.C. § 4241, the United States Marshal for this district shall immediately remove defendant McCary to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the

5

purpose of being examined by one or more qualified psychiatrists or psychologists at the institution to assess both his competency to stand trial, restorability, and dangerousness. The statutory time period for the examination shall commence on the day defendant McCary arrives at the designated institution. Unless impracticable, the examination should be conducted in the suitable facility closest to the court, pursuant to 18 U.S.C. § 4247(b).

(2) With regard to defendant McCary's mental-competency evaluation:

(A) Defendant McCary will be examined for a reasonable period, not to exceed 30 days from the date of admission or arrival at the appropriate facility, by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b)-(c). The director of the facility at which defendant McCary is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(B) A psychiatric or psychological report shall be filed under seal with the court pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b)-(c). The report shall include an opinion on whether defendant McCary is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) The Bureau of Prisons shall retain custody of defendant McCary after completion of the mental-competency evaluation, until further order of the court, so that the court can decide whether to hold the competency hearing at the Bureau of Prisons facility or at the federal courthouse in Montgomery.

DONE, this the 9th day of June, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE