IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )       CRIMINAL ACTION NO.
    v.                      )          2:21cr489-MHT
                            )               (WO)
ALVIN LEE McCARY            )
```

ORDER

This case comes before the court on the letter from E. K. Carlton, warden of the Federal Detention Center, Miami, regarding the forensic psychological evaluation of defendant Alvin Lee McCary's competency to stand trial, *see* BOP letter (Doc. 30), as well as an email informing the court and the parties that the competency evaluation of McCary has been reassigned from Dr. Lisa Feldman to Dr. Manuel Gutierrez. Based on the requests made in the letter, the representations made on the record on August 12, 2022, and the agreement of the parties, it is ORDERED that:

(1) By September 26, 2022, the forensic psychologist conducting the mental-competency

evaluation of defendant Alvin Lee McCary, as ordered by the court on June 9, 2022, *see* Order (Doc. 26) at 6-7, shall complete said evaluation, and file under seal with the court, the psychological report previously ordered pursuant to 18 U.S.C. §§ 4241(b) and 4247(b)-(c), *see* Order (Doc. 26) at 7.*

---

\* The court notes that the extension requested by the Bureau of Prisons is longer than that which is allowed by statute. "For the purposes of an examination pursuant to an order under 4241, ... the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, ... to the custody of the Attorney General for placement in a facility. ... The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 ...." 18 U.S.C. § 4247(b); *see also* Order (Doc. 26) at 3. However, it is unclear what could be done about this delay. Additionally, although the Eleventh Circuit Court of Appeals has not addressed the relationship between § 4247(b) and the provision of the Speedy Trial Act excluding periods of "delay resulting from ... any examinations[] to determine the mental competency ... of the defendant," 18 U.S.C. § 3161(h)(1)(A), other federal courts of appeals to have addressed the issue have not found that § 4247(b) limits § 3161(h)(1)(A). *See, e.g.*, *United States v. Taylor*, 353 F.3d 868, 869-70 (10th Cir. 2003)

(2) If the court requires the testimony of the forensic psychologist regarding defendant McCary's forensic psychological evaluation, he or she shall be permitted to testify remotely.

(3) Defense counsel shall ensure that all relevant documents requested by the forensic psychologist--including "medical, psychiatric/academic records, prior evaluations, investigative reports, [and] criminal history," Bureau of Prisons Letter (Doc. 30) at 2), and to the extent they are available--either have been or shall be provided to the forensic psychologist.  By August 18, 2022, defense counsel shall file a notice indicating that he has provided this documentation to the forensic psychologist.

DONE, this the 16th day of August, 2022.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

---

(collecting cases from the First, Second, Sixth, Seventh, and Ninth Circuits).