IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
      v.                    )       2:21cr489-MHT
                            )          (WO)
ALVIN LEE McCARY            )
```

OPINION AND ORDER

This cause is before the court again on the question whether defendant Alvin Lee McCary has the mental capacity to permit his criminal trial to proceed. After considering the entire record--including all psychological evaluations and the testimony from an in-person restoration hearing on January 26, 2024, and the testimony from all prior hearings--the court concludes that he is currently mentally competent.


I. BACKGROUND

In an indictment returned on December 1, 2021, McCary was charged with one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). "Early in this case, defense counsel raised the

possibility that his 'long history of mental illness' might impact his competency to stand trial." *United States v. McCary*, No. 2:21-cr-489-MHT, 2022 WL 17668705, at *1 (M.D. Ala. Dec. 14, 2022) (Thompson, J.). Defense counsel commissioned Dr. Ashley Christiansen to evaluate McCary's competency. Dr. Christiansen met with McCary virtually for nearly seven hours over three days. Based on her observations, review of his psychosocial history, and his performance on a test of his psychopathology, she diagnosed him with "mild neurocognitive disorder, unspecified," among other mental-health and substance-related conditions. Psych. Evaluation (Doc. 21-1) at 14. During the interview, McCary "'presented with tangential and perseverative thought processes,' 'struggled to maintain attention,' and appeared to have trouble 'retaining new information,'" which collectively left him unable to discuss his case rationally. *McCary*, 2022 WL 17668705, at *3 (quoting Psych. Evaluation (Doc. 21-1) at 14).

2

Upon receiving Dr. Christiansen's report, the government requested to have McCary evaluated at the Federal Bureau of Prisons (BOP). The expert who completed this second evaluation, Dr. Manuel Gutiérrez, reached the same conclusion as Dr. Christiansen. During three hours of clinical interviews and psychological testing, McCary was "'unable to adequately discuss the parameters of a plea bargain' and 'provided incomplete and confused responses regarding the roles of the judge, jury, prosecutor, defense attorney, and witnesses.'" *McCary*, 2022 WL 17668705, at *3 (quoting BOP Competency Evaluation (Doc. 36) at 11). Like Dr. Christiansen, Dr. Gutiérrez concluded that McCary has a mild neurocognitive disorder that "interferes with his factual and rational understanding of the legal process" and "ability to assist his attorney in his own defense." BOP Competency Evaluation (Doc. 36) at 1.

Based on Dr. Christiansen's and Dr. Gutiérrez's reports, the court found by a preponderance of the

evidence that McCary was incompetent to stand trial.  On December 14, 2022, pursuant to 18 U.S.C. § 4241(d)(1), the court entered an order committing him to the custody of the Attorney General for a reasonable period of time, not to exceed four months from the date of his admission to the appropriate federal mental-health facility, for the BOP to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the trial to proceed.  *See McCary*, 2022 WL 17668705, at *4-5.

On October 4, 2023, the court received from the BOP a "Certificate of Restoration of Competency to Stand Trial" asserting that McCary was now competent to proceed.  BOP Certificate (Doc. 59) at 2.  The court also received a forensic psychological evaluation, prepared by Dr. Y. Abdelaal, explaining the Bureau's conclusion.  *See* BOP Restoration Evaluation (Doc. 58).

4

## II. FINDINGS

As stated, the court held an evidentiary hearing on January 26, 2024.  Both Dr. Abdelaal and Dr. Christiansen were present, by videoconferencing, to testify, but only Dr. Abdelaal was asked questions.  Though she heard all of Dr. Abdelaal's testimony, Dr. Christiansen was not questioned in response to it as well as to Dr. Abdelaal's BOP report.

In large measure, Dr. Abdelaal restated what was in her evaluation, which combined clinical interviews, psychological testing, and long-term observation of McCary at the BOP facility.  As relevant here, she retained the diagnosis of a mild neurocognitive disorder but determined that McCary was feigning his symptoms to the extent he appeared unable to comprehend the proceedings against him.

She administered two tests that screened for feigning, one to assess whether he was feigning a lack of knowledge about the legal system and another that

5

evaluated whether he was exaggerating a memory impairment.  His results were highly suggestive of feigning on both fronts.  Dr. Abdelaal also found his exceedingly poor performance on tests of his cognitive functioning suspicious.  His scores were markedly lower than they were when a prior evaluator administered the same test.  According to Dr. Abdelaal, someone with a mild neurocognitive disorder like McCary will experience a gradual decline in cognitive functioning, not the precipitous decline he seemed to exhibit.

McCary's behavior while under BOP observation further indicated that he could think clearly and rationally.  At the BOP facility, he could "independently make telephone calls, navigate the housing unit, follow institution rules, and recall staff members['] faces and names he recently met," all of which demonstrated a higher level of intellectual functioning that his test scores suggested.  BOP Restoration Evaluation (Doc. 58) at 27.  He could often recall the precise month and date

6

but tended to identify the wrong year, which Dr. Abdelaal found "highly indicative of intentional efforts to portray himself as more impaired than he is." *Id.*

Dr. Abdelaal's findings are somewhat at odds with the earlier evaluations, which did not determine that McCary was feigning, but the discrepancy more than likely reflects a difference in methodologies. Unlike Dr. Christiansen and Dr. Gutiérrez, Dr. Abdelaal had the benefit of examining McCary as part of a "longitudinal study," which involved "an evaluation over a period of time in a setting that allows almost daily observation." *United States v. Perkins*, No. 2:18-cr-326-MHT, 2018 WL 5300388, at *1 (M.D. Ala. Oct. 25, 2018) (Thompson, J.). Dr. Abdelaal's frequent interactions with McCary over months of observation enabled her to assess whether his self-presentation was consistent with how he behaved with other individuals, including BOP staff, fellow inmates, and people he called on the phone.

7

Dr. Abelaal's conclusion that McCary is feigning the severity of his symptoms should not be mistaken to suggest that he no longer experiences a serious mental condition.  Like Dr. Christiansen and Dr. Gutiérrez, she explains that McCary's mild neurocognitive disorder has resulted in cognitive impairment, which has taken a toll on his memory.  However, his memory impairment is not unmanageable and does not render him incompetent to proceed in his criminal case.  Dr. Abdelaal emphasizes that he has strategies at his disposal to work around his memory lapses.  For example, BOP staff members report that, during classes, he would highlight and write down information he was likely to forget.  Based on the strategies he was observed using at the BOP facility, Dr. Abdelaal concludes that, notwithstanding his mild neurocognitive disorder, he has the capacity to retain information about his criminal proceedings, communicate with his attorney, and participate in his defense.  The court agrees with Dr. Abdelaal's conclusions.

8

The court cannot go without saying that, at the January 26 hearing, it appeared that defense counsel felt frustrated. But, although the court is convinced by the evidence before it that McCary is currently mentally competent, the court also recognizes that representing him will likely require significant time and effort from defense counsel. Dr. Abdelaal's report leaves no doubt that McCary will continue to experience lapses in memory and other cognitive deficiencies. He may continue feigning the severity of his symptoms as well. The court's finding that he is currently competent does not mean he can understand the proceedings against him and assist in his defense as easily as someone without a mild neurocognitive disorder and who is not likely feigning. Defense counsel must go to greater lengths than with other clients to educate McCary about courtroom procedures and solicit his input on strategic decisions. The court understands and appreciates that burden. (Defense counsel may wish to retain a mental-health

9

professional to assist in his representation of McCary
in light of McCary's cognitive deficiencies, including
memory loss, and likely feigning).  In fact, the court
further acknowledges that, in dealing with McCary in
court, it too will carry a burden to go to greater lengths
to deal with McCary because of his limitations.

***

Accordingly, based on all the evidence in the
record--including all psychological evaluations and the
testimony from an in-person restoration hearing on
January 26, 2024, and the testimony from all prior
hearings--it is ORDERED and DECLARED that defendant Alvin
Lee McCary is currently "able to understand the nature
and consequences of the proceedings against him and to
assist properly in his defense."  18 U.S.C. § 4241(e).

DONE, this the 29th day of January, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE