IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr489-MHT |
| | ) | (WO) |
| ALVIN LEE McCARY | ) | |

### ORDER

This cause is before the court on the question of setting an appropriate trial date under the Speedy Trial Act, 18 U.S.C. § 3161. Defendant Alvin Lee McCary was declared competent to proceed to trial on January 29, 2024. During a status conference on January 31, 2024, the parties represented that they would not be ready for trial in time for the court's February trial term. For the reasons set forth below, the court will schedule the jury selection and trial for March 18, 2024, pursuant to 18 U.S.C. § 3161(h).

While the setting of a trial date is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the

court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In considering when to set a trial date under subsection (h)(7)(A), the court may consider, among other factors, whether setting trial on a particular date "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government

the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by scheduling the jury selection and trial on March 18, 2024, outweigh the interest of the public and McCary in a speedy trial. McCary was found competent one week before the start of the February trial term. The parties agree that scheduling the trial any earlier than March 18 would leave them with insufficient time to confer with witnesses and prepare their arguments. Neither party has exhibited a lack of due diligence. Scheduling the jury selection and trial on March 18 is warranted to give them a reasonable time to prepare their respective cases.

***

Accordingly, it is ORDERED that the jury selection and trial are reset for March 18, 2024, at 10:00 a.m.,

3

in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 1st day of February, 2024.

                               /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE